**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 17 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MICHAEL H. BILDERBACK, II,

Petitioner-Appellant,

v.

SCOTT ABBOTT, Warden, Wyoming
Department of Corrections State
Penitentiary Complex Administrator,
in his official capacity; PATRICK
CRANK, Wyoming Attorney General,
in his official capacity,

Respondents-Appellees.

No. 03-8089
(D.C. No. 02-CV-47-D)
(D. Wyo.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , Chief Judge, **MURPHY** , Circuit Judge, and **CAUTHRON** ,**
Chief District Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\* The Honorable Robin J. Cauthron, Chief District Judge, United States
District Court for the Western District of Oklahoma, sitting by designation.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner Michael H. Bilderback appeals the denial of his counseled petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. He was convicted in Wyoming state courts of attempted second-degree murder, of using a firearm while committing the felony of second-degree murder, and of concealing stolen property. On appeal, the Wyoming Supreme Court vacated petitioner's firearm conviction because the charge violated the Double Jeopardy Clause. The court affirmed petitioner's remaining convictions. Petitioner initiated procedures for post-conviction relief in the state courts, and has properly exhausted his remedies there.

On collateral attack in federal court, petitioner asserts four grounds for relief. He asserts (1) that his trial counsel rendered ineffective assistance in not requesting a jury instruction on the lesser-included offense of voluntary manslaughter; (2) that he was denied due process and effective assistance of counsel on direct appeal when the Wyoming Supreme Court refused to remand his case to the state district court for a hearing on whether the lesser-included offense instruction should have been given to the jury; (3) that his right to due process was denied by submission of a jury instruction that malice was presumed from the use of a deadly weapon; and (4) that his Fifth Amendment right against

-2-

self-incrimination was violated by an officer's explanation at trial that petitioner's post- *Miranda* interview had ended when petitioner requested counsel.  We granted COA on all issues, and now affirm the federal district court's denial of a writ of habeas corpus.

*Brief Factual Background*

Petitioner committed two armed robberies and stole two cars in Nebraska. He then fled west, driving through Wyoming on his way to Washington State.  At 8 a.m. on Monday, January 11, 1999, petitioner was pulled over for speeding in Wyoming by a police officer.  Without apparent provocation, petitioner shot the officer point-blank in the face with a .25 caliber semi-automatic pistol.  He fled from the scene of the crime, but was apprehended after a short chase.

At trial, petitioner admitted shooting the officer, but testified that, because he had acted out of fear of being pursued by unknown persons from Nebraska, he had "blanked out" during the act.  Petitioner therefore asserted that he lacked the necessary intent to kill, malice, and premeditation necessary for first-degree murder.

*Standard of Review*

After grant of a certificate of appealability, we review a district court's denial of a writ of habeas corpus *de novo*. *See, e.g.*, *Valdez v. Ward*, 219 F.3d 1222, 1230 (10th Cir. 2000) (applying the same standards as applied by the district court). Federal courts, however, "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *accord Richmond v. Embry*, 122 F.3d 866, 870 (10th Cir. 1997).

Furthermore, under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may not issue a writ unless the state courts' adjudication of a claim was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) & (2).

A state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by the [U.S. Supreme] Court on a question of law or if the state court decides a case differently than the

[U.S. Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (O'Connor, J., concurring). A state court decision is an unreasonable application of federal law only "if the state court identifies the correct governing legal principle from the [U.S. Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The reasonableness of a state court's application of federal law is to be evaluated by an objective standard. *See id.* at 409-10. "[A]n *unreasonable* application of federal law is different from an *incorrect* or *erroneous* application of federal law." *Id.* at 412 (emphasis in original).

*Discussion*

After a thorough review of the record, we agree that there has been no denial of petitioner's federal constitutional or statutory rights, and we hold that the state courts have not rendered a decision that is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

First, petitioner's counsel did not render ineffective assistance of counsel in failing to request a voluntary manslaughter instruction because, as the Wyoming Supreme Court concluded, under Wyoming state law, the evidence presented at trial did not support such an instruction. *Bilderback v. State*, 13 P.3d 249, 252

-5-

(Wyo. 2000); *accord Boyd v. Ward*, 179 F.3d 904, 917 (10th Cir. 1999). It cannot be ineffective assistance of counsel to fail to request a result that was not available. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). Additionally, because the submission of the jury instruction rested on state law, rather than on a federal constitutional or statutory question, we may not review it on collateral attack. 28 U.S.C. § 2254(a); *Estelle*, 502 U.S. at 67-68; *Williams*, 529 U.S. at 413.

Second, because the submission of the jury instruction was not available as a matter of state law on known facts, there was no denial of due process or ineffective assistance of counsel surrounding the Wyoming Supreme Court's refusal to remand petitioner's case to the state district court for further hearing on whether that lesser included instruction should have been given. 28 U.S.C. § 2254(a); *Estelle*, 502 U.S. at 67-68. The Wyoming Supreme Court found that the facts of the case as submitted at trial did not support an investigation into that question, and we defer to its interpretation of those facts. 28 U.S.C. § 2254(d)(2).

Third, petitioner was not denied due process from a jury instruction that malice could be inferred from the use of a deadly weapon. Contrary to the suggestion in petitioner's brief, the language of the jury instruction was permissive, and the Wyoming Supreme Court found that the jury's inference of malice was reasonable under the circumstances. *Bilderback*, 13 P.3d at 252-53.

-6-

Petitioner admitted to having the gun on his person, and that he shot the officer at close range without provocation or warning. And he fled from the scene of the crime. *Id.* We hold that the state court's decision was not contrary to, or an unreasonable application of, federal law. 28 U.S.C. § 2254(d)(1).

Fourth, petitioner cites no U.S. Supreme Court precedent to establish that his Fifth Amendment right against self-incrimination was violated by testimony that petitioner's post- *Miranda* interview had ended when he requested counsel. Because the prosecution made no further comment about petitioner's request for counsel, petitioner fails to identify how the admission of that testimony prejudiced his case at trial.

The Wyoming Supreme Court declined to reverse petitioner's conviction on this ground because the testimony was offered only to explain how the interview with the officer ended, and no known rule makes that the sole basis for prejudicial error. *Bilderback* , 13 P.3d at 253. We agree. Because petitioner makes no argument that the Wyoming Supreme Court's conclusion was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," we hold that he is not entitled to a writ of habeas corpus. 28 U.S.C. § 2254(d)(1).

*Conclusion*

For the reasons stated above, we AFFIRM the district court's denial of a writ of habeas corpus.

Entered for the Court


Michael R. Murphy
Circuit Judge